## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| CRAIG HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:12-CV-135-SNLJ |
| DANNY DODSON, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Craig Hill (registration no. 1065369) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee, and therefore, the motion will be granted. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that process should issue on the complaint as to defendants Dr. Douglas Fitzwater and Danny Dodson. As to defendant County of Pemiscot, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $00.00 and an average monthly balance of $00.00. Plaintiff has insufficient funds to pay the filing fee, and the Court will not assess an initial partial filing fee at this time.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Pemiscot County Jail, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Danny Dodson (Pemiscot County Justice Center Emergency Management Director), the County of Pemiscot, and Douglas Fitzwater (Pemiscot County Medical Doctor). Plaintiff alleges that defendants violated his Eighth Amendment constitutional rights

against cruel and unusual punishment.[1] Plaintiff is suing the individual defendants in their individual capacities.

### A. Failure to Treat/Medical Indifference Claims against Defendants Dr. Douglas Fitzwater and Danny Dodson

Liberally construing the complaint, plaintiff is alleging that defendant Dr. Fitzwater has intentionally withheld necessary medical treatment with respect to (1) plaintiff's injured left arm; (2) an unidentified prescription medication that affects plaintiff's thinking; and (3) dangerously low lithium levels.

More specifically, plaintiff states that prior to his current incarceration, he "was in the process of having surgery done on [his] left arm." At some point after his incarceration, plaintiff claims that he sustained serious physical injuries, particularly to his left arm and elbow, after two inmates kicked him several times "in his face, arm, and body." He states that after the assault, his left arm "was damage[d] even more." Plaintiff states that he was taken to see Dr. Fitzwater on June 18, 2012, at which time he told the doctor of his previous diagnosis and need of surgery and informed him of the assault, the consequent damage to his arm, and the fact that he

---

[1] It appears that plaintiff is a pretrial detainee, and thus, his claims should be analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). This Court notes that the Eighth Circuit Court of Appeals has "repeatedly applied the deliberate indifference standard of *Estelle* to pretrial detainee claims." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

was in "a lot of pain."  Nevertheless, according to plaintiff, Dr. Fitzwater failed to order x-rays or to give plaintiff any medication, and thus, intentionally withheld necessary medical treatment from him.

In addition, plaintiff alleges that he is suffering "from a lack of prescription drug that affect[s] [his] thinking and ability to decide for [himself]," because Dr. Fitzwater is "neglect[ing] his medical needs" in violation of his constitutional rights. As a result of the lack of medical care, plaintiff states that he has been suffering from "dangerous side effect[s]" including "blackouts, confusion, chest pains, stomach pain, memory los[s], [and] hallucinations."

Plaintiff further states that he takes lithium medication, which can be very dangerous, and therefore, it is important to have regular blood tests to ensure the dosage is within the effective range.  Plaintiff believes his lithium levels are dangerously low.  He states that when he saw Dr. Fitzwater on June 18, 2012, he asked that his lithium levels be checked.  Dr. Fitzwater replied that he was unable to do so because he did not have the proper equipment to draw blood.  Three days later, on June 21, "the County of Pemiscot [drew plaintiff's] blood."  Plaintiff states that

the laboratory results showed his results were "really low,"[2] and that Pemiscot County and Dr. Fitzwater have "fail[ed] to do anything about it."

As to defendant Danny Dodson, plaintiff claims that he advised Dodson of the fact that he was going to have surgery on his left arm, and that the inmate assault caused further damage requiring immediate medical treatment. Plaintiff claims that Dodson intentionally withheld medical treatment, failed "to keep all appointments with [the] doctor," failed to pick up medications on time, and failed to give medications as prescribed.[2]

Affording the complaint the benefit of a liberal construction and weighing all factual allegations in favor of plaintiff, the Court finds that plaintiff has sufficiently alleged that he had objectively serious medical needs and that Dr. Fitzwater and Danny Dodson were made aware of these needs but deliberately disregarded them. As such, plaintiff's medical indifference allegations relative to the denial of medical treatment state claims for relief under § 1983 and are sufficient to proceed against defendants Fitzwater and Dodson, in their individual capacities. *See Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 531-32 (8th Cir. 2009)(en banc); *see also McCaster v.*

---

[2]According to plaintiff, the lithium reference range is 1.00 - 1.20, and his results were 0.41.

[2]It is unclear to the Court who actually prescribed these alleged prescriptions for plaintiff, as he states that Dr. Fitzwater refused to give him any medication.

*Clausen*, No. 11-2612 (8th Cir. 2012)(medical personnel had constitutional obligation to address adequately any serious medical need of which they had been aware). The Court will order Dr. Fitzwater and Danny Dodson to reply to these claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

### B.  Claims against County of Pemiscot

Plaintiff states that on July 17, 2012, he appeared in Pemiscot County Circuit Court with his attorney, who informed Judge Fred Copeland of plaintiff's low lithium levels. Plaintiff states that the Judge ordered Pemiscot County Sheriff Tommy Greenwell "to allow [plaintiff] to see the doctor"; however, as of the day plaintiff filed the instant complaint,[3] defendant Pemiscot County had failed to take him to a doctor. Plaintiff claims that Pemiscot County was deliberately indifferent to his necessary medical treatment and "fail[ed] to follow a court order."

Plaintiff's claims against County of Pemiscot will be dismissed as legally frivolous. Although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a

---

[3] The complaint was signed on July 20, 2012.

municipality's policy or custom. *Id*. at 694. There being no such allegation in the present action, the complaint is legally frivolous as to defendant County of Pemiscot. Moreover, to the extent that plaintiff is now seeking enforcement of or compliance with a Missouri state-court judgment, his remedies lie not in federal district court, but rather, with the Missouri state courts. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996) (federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, as to plaintiff's Fourteenth Amendment medical indifference claims against Dr. Douglas Fitzwater and Danny Dodson in their individual capacities, the Clerk shall issue process or cause process to be issued on the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dr. Douglas Fitzwater and Danny Dodson shall reply to plaintiff's Fourteenth Amendment medical indifference claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to defendant County of Pemiscot, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this  16th  Day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE