# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CRAIG HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-135-LMB |
| | ) | |
| DANNY DODSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's filing of a document entitled "1983 Amendment" [Doc. #15] and motion to add an additional party [Doc. #16]. For the following reasons, the Court will dismiss plaintiff's "1983 Amendment" claims against defendant Danny Dodson. In addition, the Court will sever and dismiss plaintiff's "1983 Amendment" claims against Josh Bost and will deny, as moot, his motion to add Bost as an additional party.

## 28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint, or amendment, under § 1915(e)(2)(B), the Court must give the pleading the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The 1983 Amendment

### A. Claims against Defendant Danny Dodson

In the instant "1983 Amendment," plaintiff states that he requested to see a bone specialist on August 19, 2012, relative to a pre-existing condition that was causing him severe pain. Plaintiff states, "The medical request was never seen by physician [sic]," and "Medical Director Danny Dodson 'knowingly' violated plaintiff's due process rights." In addition, plaintiff states that "inmates have the right to health care, which includes nutritious meals, modified medical, and emergency dental treatment." He summarily alleges that Dodson "has knowingly deprived [him] of health care, which constitutes cruel and unusual punishment and deliberate indifference." Plaintiff's conclusory allegations do not rise to the level of a constitutional violation, fail to state

a claim under 42 U.S.C. § 1983, and are legally frivolous.  As such, the Court will dismiss plaintiff's "1983 Amendment" claims against defendant Danny Dodson pursuant § 1915(e)(2)(B).

### B.  Claims against Josh Bost

Plaintiff seeks to add Josh Bost (Jail Administrator) as a party-defendant in this action.  In the "1983 Amendment," plaintiff alleges that he filled out a medical request for "stomach pains" on August 26, 2012.  He states that he "requested to see a physician, but was denied health care."  He further states that his "complaint was never resolved or reviewed by the jail administrator, Josh Bost."

Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d at 607.  Moreover, the Court notes that in litigation involving prisoners, "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."  *Id.*

At issue in this case is whether Josh Bost may be properly joined in this action. *See id.* (district court should question joinder of defendants and claims in prisoner cases). The Court holds that he may not.

Simply stated, on August 16, 2012, this Court entered a Memorandum and Order, instructing the Clerk to issue process in this action as to defendants Danny Dodson and Douglas Fitzwater relative to plaintiff's claims that they withheld necessary medical treatment with respect to plaintiff's left arm, his lithium levels, and a prescription medication that affected plaintiff's thinking. [Doc. #5]. Plaintiff's "1983 Amendment" claims against Bost pertain to and arise out of wholly unrelated events, and his alleged resulting injuries are distinctly different; they do not share common questions of law or fact with the claims previously-asserted against defendants Dodson and Fitzwater. Plaintiff's claims against Bost will require their own review of entirely separate events asserted against a different defendant. For these reasons, the Court concludes that Josh Bost may not be properly joined in this action under Rule 20(a)(2).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

The Court has already ordered process to issue against defendants Dodson and Fitzwater. As such, the Court will sever plaintiff's "1983 Amendment" claims against

Josh Bost and will dismiss them without prejudice. If plaintiff wishes to pursue these claims at a future time, he must do so in accordance with the Federal Rules of Civil Procedure, in separate actions.

Accordingly,

**IT IS HEREBY ORDERED** that, as to defendant Danny Dodson, plaintiff's "1983 Amendment" [Doc. #15] is **DISMISSED**, without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to Josh Bost, the "1983 Amendment" is **SEVERED** from this action and is **DISMISSED**, without prejudice. *See* Fed.R.Civ.P. 20(a)(2) and 21.

**IT IS FURTHER ORDERED** that plaintiff's motion to add an additional defendant [Doc. #16] is **DENIED**, as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated this 24th day of September, 2012.

**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**