# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CRAIG ANTHONY HILL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:12 CV135 LMB |
| DANNY DODSON and DOUGLAS FITZWATER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court are ten motions filed by plaintiff, as well as four motions filed by defendants and various response briefs and memoranda, all relating to the discovery process. The court will discuss the pending motions in turn.

## Background

Plaintiff, currently an inmate at Moberly Correctional Center, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983 against Defendant Danny Dodson (Pemiscot County Justice Center Emergency Management Director), and Douglas Fitzwater (Pemiscot County Medical Doctor). Plaintiff alleges that defendants violated his Eighth Amendment constitutional rights against cruel and unusual punishment by intentionally withholding necessary medical treatment during his incarceration at the Pemiscot County Justice Center beginning in May 2012. Specifically, plaintiff alleges that Defendant Fitzwater intentionally withheld necessary medical treatment with respect to: (1) plaintiff's injured left arm; (2) an unidentified prescription medication that affects plaintiff's thinking; and (3) dangerously low lithium levels. Plaintiff claims

that Defendant Dodson intentionally withheld medical treatment after his left arm was re-injured in an assault, failed to keep all appointments with the doctor, failed to pick up medications on time, and failed to give medications as prescribed.

**1.     Plaintiff's Motion for Issuance of Subpoenas (Doc. No. 34)**

Plaintiff has provided addresses for forty individuals or entities, and requests that the United States Marshals Service subpoena them "to court." (Doc. No. 34, p. 1). Plaintiff does not state in his motion whether he seeks the testimony of these individuals at a deposition or at trial.

First and foremost, the court must deny the subpoenas because plaintiff has not identified, with specificity, the date, time, place and purpose for the aforementioned witnesses to appear, in compliance with the requirements set forth in Fed.R.Civ.P. 45. Moreover, the court notes that even if plaintiff requested and was granted deposition subpoenas for any of the aforementioned witnesses, such requests do not provide for payment of witness fees and mileage costs, as well as transcript and/or court reporter costs, provided for under Rule 45.

Although plaintiff has been granted permission to proceed in forma pauperis in this action, this status does not entitle him to disregard the provisions of Rule 45(b) and (c), Fed.R.Civ.P. regarding the pre-payment of witness and mileage fees and the 100–mile territorial reach of subpoenas for deposition. Section 1915(d), Title 28, United States Code, governing litigants permitted to proceed in forma pauperis, states as follows:

> [t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

Thus, plaintiff must proceed in accordance with Rule 45, Fed.R.Civ.P. concerning deposition subpoenas.

Courts construing § 1915(c) have uniformly held that waiver of the requirement for payment of costs applies only to court costs and that a plaintiff in forma pauperis must pay witness and mileage fees himself. See United States Marshals Service v. Means, 741 F.2d 1053, 1056 (8th Cir.1984) (en banc); McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir.1987); Gonzalez v. Fenner, 128 F.R.D. 606, 607 (S.D.N.Y.1989); Hodge v. Prince, 730 F. Supp. 747, 751 (N.D.Tex.1990).

**II.     Plaintiff's Motions to Compel (Docs. No. 35, 37, 85, 89)**

The Federal Rules of Civil Procedure authorize a motion to compel in Rules 37(a)(1) and (a)(3), and Rule 45(c)(2)(B)(I).

Rule 37 Motion to Compel

A motion to compel can be properly filed under Rule 37 only if:

(1) a deponent fails to answer a question asked under Rule 30 or 31;

(2) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(3) a party fails to answer an interrogatory submitted under Rule 33; or

(4) a party fails to respond that inspection will be permitted, or fails to permit inspection, as requested under Rule 34.

See Rule 37(a)(3)(B), Fed.R.Civ.P.

In order to ascertain whether or not plaintiff can bring a motion to compel under Rule 37, he must deduce whether one of these triggering events have occurred. And he must also keep in mind that Rule 37's motion to compel provisions apply only to failure to produce documents by parties to an action. Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir. 1975). "The

purpose of Rule 37 is to provide the mechanism by which Rules 26 to 36 can be made effective . . . . It is of limited application when applied to non-parties. It can only be used to order a non-party to answer written and oral questions under Rules 30 and 31. It has no application to a non-party's refusal to produce documents." Id. (internal citation omitted). See Fed.R.Civ.P. 37(a)(3)(b)(I). Plaintiff therefore cannot file a motion to compel under Rule 37, based on a nonparty's failure to produce documents.

Rule 45 Motion to Compel

Rule 34(c), Fed. R. Civ. P., provides that a nonparty to an action may be compelled to produce documents in accordance with Rule 45. Production of documents from a nonparty "can be compelled only by a subpoena duces tecum issued under Rule 45(d)(1)." Fisher, 526 F.2d at 1341 (citations omitted). Thus, if plaintiff seeks to obtain documents from nonparties, he must comply with the provisions of Rule 45.

Rule 45(c)(2)(B)(I) provides that if a person or entity directed to produce documents pursuant to a Rule 45 subpoena files a written objection, "the serving party may move the issuing court for an order compelling production or inspection."

Requirement of Good Faith Effort to Resolve

Any motion plaintiff files relating to discovery or disclosure, such as a motion to compel, must comply with Local Rule 3.04(A) and Rule 37(a)(1), Fed.R.Civ.P.[3]  These rules require that

---

[3]Local Rule 3.04(A) states:

The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of

a discovery or disclosure-related motion include a statement of a good-faith attempt to resolve the discovery dispute prior to the filing of the motion. The court feels compelled to point out that in the plethora of complaints and motions that plaintiff has filed before the court, not one of his documents contains such a statement.

Although plaintiff is incarcerated, he must correspond with opposing counsel with respect to any discovery or disclosure dispute prior to filing a motion to compel or other motion relating to discovery or disclosure. Plaintiff must then describe the nature of that correspondence in the discovery motion, as required by Local Rule 3.04(A). See Faretta v. California, 422 U.S. 806, 934–35 n. 46 (1975) (pro se litigant must comply with relevant rules of procedure).

Plaintiff has filed a Motion to Compel Pemiscot County to Forward all Discoverable Evidence for the Use in Trial in the Above Case Number. (Doc. No. 35). Defendants have responded that they have provided plaintiff all documents relevant to his claim. (Doc. No. 43, 44). Plaintiff has not pointed to specific evidence that defendants have failed to produce. Thus, plaintiff's motion to compel will be denied.

Plaintiff filed a Motion to Compel Missouri Protection and Advocacy Services to forward his case file. (Doc. No. 37). As stated above, a party may only obtain production of documents from nonparties by using a subpoena duces tecum under Rule 45. Fisher, 526 F.2d at 1341.

Nevertheless, the Clerk of the Court will be directed to send plaintiff a blank subpoena form. Plaintiff may fill out the subpoena form and return it to the court, along with a Memorandum for Clerk requesting service on a nonparty by the U.S. Marshal. Plaintiff should

---

such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

not sign the subpoena, as it will be signed by the Clerk after it is returned to and reviewed by the court. The subpoena form should be typewritten, if possible, or otherwise must be legible or it will not be considered.

In order for a subpoena duces tecum to be valid and issued by this Court, the Memorandum for Clerk must include the following information for each subpoena: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific documents plaintiff seeks; (3) how the specified documents are relevant to plaintiff's case; and (4) why plaintiff believes the person or entity to be subpoenaed has possession of the documents.

This information is required based on the Court's "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). This power may be exercised to protect the resources of the Court and the U.S. Marshals Service, and to prevent harassment and undue expense of nonparties. See, e.g., Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985). "Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." Stockdale v. Stockdale, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009).

Thus, the Court retains the discretion to refuse to issue Rule 45 subpoenas to nonparties if plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper. In the meantime, plaintiff's motion to compel will be denied.

Plaintiff has filed a Motion to Compel Answers to First Interrogatories Questions 3, 9, 12,

and 14, directed at Defendant Douglas Fitzwater. (Doc. No. 85). Defendant Fitzwater filed a Response, in which he argues that plaintiff failed to provide the court with sufficient information to rule on his motion to compel as he did not attach a copy of the Interrogatories or Defendant Fitzwater's Objections and Answers to Plaintiff's First Interrogatories. Defendant argues in the alternative that defendant's objections are proper, and attaches a copy of defendants Objections and Answers to Plaintiff's First Interrogatories. (Def's Ex. A). Plaintiff subsequently filed a second, duplicate Motion to Compel Answers to First Interrogatories, directed at Defendant Douglas Fitzwater (Doc. No. 89), with a copy of Defendant Fitzwater's Objections and Answers to Plaintiff's First Interrogatories attached to his motion.

The court has reviewed Defendant Fitzwater's Objections and Answers to Plaintiff's First Interrogatories and finds that defendant's objections to Interrogatories 3, 9, 12, and 14 are proper. In Interrogatory # 3, plaintiff requests information regarding "any Medical request" sent to Danny Dodson. (Def's Ex. A). Defendant properly objected to Interrogatory # 3 on the basis that it is overly broad and seeks irrelevant information in that it seeks information regarding all medical requests, even requests on behalf of inmates other than plaintiff. Defendant further states that he has provided all medical records and documents related to plaintiff specifically.

Interrogatory # 9 seeks information related to medication plaintiff received "before he began being held in the Pemiscot County Jail." (Def's Ex. A). Defendant objected based on the fact that he is unable to provide information related to the time period prior to his incarceration.

Interrogatory # 12 seeks information regarding "the UA that [plaintiff] was given due to his complaints of Kidney pains." (Def's Ex. A). Defendant properly objected based on the fact

that plaintiff's request is vague and does not specify a time period.

Finally, Interrogatory # 14 requests information regarding whether defendant "had issues concerning someone writing unauthorized prescriptions...such as your wife," and whether there was a "death on any property owned by you due to illegal use of prosribed [sic] drugs." (Def's Ex. A). Defendant properly objected to this request based on the fact that it seeks information that is not relevant to plaintiff's claims.

Thus, plaintiff's motions to compel will be denied.

### III. Plaintiff's Motion to Amend Complaint (Doc. No. 36)

Plaintiff filed a motion to amend his Complaint "on the grounds of newly discovered evidence." Plaintiff states that he discovered further evidence after he filed his Complaint regarding instances of withholding medical care by defendants. Plaintiff provides details of such instances occurring between March 3, 2010, and October 30, 2010.

The Court does not accept amendments by interlineation. If plaintiff wishes to amend his Complaint, he must include with his motion to amend a proposed complaint that includes each and every claim he wishes to bring against every defendant in this action. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

### IV. Plaintiff's Motion to Suppress Illegally Obtained Medical Records (Doc. No. 45); and Motion to Strike (Doc. No. 49)

Plaintiff filed a motion to exclude medical records, in which he argues that defendants violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by

producing his medical records to the court without his authorization. Defendant Fitzwater filed a Response, in which he notes that he has disclosed documents relevant to plaintiff's claim only to the parties pursuant to the disclosure requirements of the Case Management Order. (Doc. No. 48). Defendant Fitzwater further states that the documents were disclosed to the parties pursuant to a medical authorization to obtain records from the Pemiscot County Sheriff's Office executed by plaintiff, which defendant attached as Exhibit E. In response, plaintiff has filed a Motion to Strike the medical authorization he executed, claiming that defendants have altered the authorization.

Plaintiff's motions lack merit. Defendants have disclosed documents to the parties pursuant to a valid medical authorization executed by plaintiff. The parties have not filed plaintiff's medical records with the court. Plaintiff's allegations of forgery are wholly unsupported. Thus, plaintiff's motions will be denied.

**V.     Plaintiff's Motion to Strike (Doc. No. 65)**

On February 20, 2013, plaintiff filed a motion to strike Defendant Dodson's Motion to Compel. (Doc. No. 65). On April 12, 2013, the court granted Defendant Dodson's Motion to Compel. (Doc. No. 80). Thus, plaintiff's motion to strike will be denied as moot.

**VI.    Defendant Fitzwater's Motion to Strike (Doc. No. 44)**

Defendant Fitzwater has filed a motion to strike plaintiff's "7-4.04 Communication with the Court" dated 12-03-2012, which is a letter to the court. (Doc. No. 42). In this letter, addressed to the undersigned, plaintiff again raises allegations that defendants have violated HIPAA law by "stealing" his medical records.

Local Rule 7-4.04 provides as follows:

> Attorneys and pro se litigants shall not communicate in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court.

Plaintiff's December 3, 2012 letter clearly violates Local Rule 7-4.04, and will be stricken.

**VII. Defendant Fitzwater's Motion to Compel Discovery (Doc. No. 59)**

Presently pending is Defendant Fitzwater's Motion to Compel Discovery filed on February 1, 2013. (Doc. No. 59). On February 11, 2013, Defendant Fitzwater filed an Amended Motion to Compel Discovery. (Doc. No. 64). In an order dated February 28, 2013, the court granted Defendant Fitzwater's Amended Motion to Compel Discovery. (Doc. No. 71). Thus, Defendant Fitzwater's February 1, 2013 motion to compel will be denied as moot.

**VIII. Defendants' Motions to Dismiss (Docs. No. 87, 90)**

On June 26, 2013, Defendant Dodson filed a Motion to Dismiss Complaint, in which he requests that the court dismiss plaintiff's Complaint due to plaintiff's refusal to answer questions directly related to the issues arising out of plaintiff's Complaint. (Doc. No. 87). On June 28, 2013, Defendant Fitzwater filed a Motion to Dismiss Complaint, in which Defendant Fitzwater similarly requests that the court dismiss plaintiff's Complaint based on plaintiff's refusal to answer questions related to the issues arising out of his Complaint. (Doc. No. 90). On July 17, 2013, plaintiff filed a Response to defendants' motions. (Doc. No. 94).

In their motions to dismiss, defendants state that plaintiff's deposition was taken pursuant to an Amended Deposition Notice on June 3, 2013. Defendants state that plaintiff appeared, but when it came to discussing plaintiff's medical conditions, treatment, physicians who treated him, and types of treatment that occurred prior to May 1, 2012 when plaintiff was incarcerated at the

Pemiscot County Justice Center, plaintiff refused to answer the questions as being irrelevant. Defendants have attached a copy of plaintiff's deposition to their motions.

Plaintiff stated that he does not have to disclose any of his medical history because "a judge" has told him that he has a right not to disclose the information pursuant to Stecher v. Dowd, 912 S.W.2d 462, 464-65 (Mo. banc 1995). (Deposition of Craig Anthony Hill, p. 11). Defendants state that plaintiff was warned multiple times that his objection was noted, but he was to answer the questions or sanctions would be requested, including the dismissal of his Complaint. Plaintiff continued to object to the questions and did not answer the questions. Defendants contend that they have been prejudiced by plaintiff's failure to answer the deposition questions as they are unable to determine the factual basis of plaintiff's claims. Defendants argue that they should not have to go back to Moberly, Missouri, and retake the depositions. Defendants thus request that the court dismiss plaintiff's Complaint.

In his Response to defendants' motions, plaintiff contends that defendants' request for medical information regarding his past medical history is irrelevant to his claims. Plaintiff argues that the only medical history information that is relevant to his case is the medical information concerning his care during his detention in the Pemiscot County Justice Center. Plaintiff cites Stecher, 912 S.W.2d at 464-65, in support of this proposition. Plaintiff requests that the court deny defendants' motions and allow his case to proceed to trial.

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id.

It is well established that a plaintiff's pro se status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam); Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).

Plaintiff's reliance on Stecher for his failure to answer questions during his deposition is misplaced. In Stecher, the Missouri Supreme Court held that medical authorizations are not limitless, and must be tailored to the pleadings. 912 S.W.2d at 464. The undersigned cited Stecher in two previous orders compelling discovery entered in this case for the proposition that the medical authorizations provided by defendants to plaintiff must be limited to the physical conditions in issue under plaintiff's Complaint. (Doc. No. 71, p. 4-5; Doc. No. 80, p. 2). To the extent plaintiff construed this court's previous orders as finding he was not required to answer any questions about his medical condition prior to his incarceration at the Pemiscot County Justice Center, he is mistaken.

As previously noted, plaintiff alleges in his Complaint that Defendant Fitzwater failed to provide medical treatment with respect to his previously injured left elbow; and failed to check his Lithium levels. Plaintiff contends that Defendant Dodson intentionally withheld medical treatment for his left arm after it was re-injured in an assault, failed to keep all appointments with the doctor, failed to pick up his medications on time, and failed to give him his medications as prescribed.

During plaintiff's deposition, defendants attempted to elicit information from plaintiff regarding his left elbow injury, including what doctor treated him; and medications he was taking

prior to his incarceration, including when plaintiff last had his prescription for Lithium filled and what doctor prescribed Lithium. Plaintiff either objected to these questions or otherwise failed to answer on the basis that any medical information prior to his May 2012 incarceration at Pemiscot County Justice Center was irrelevant.

The court finds that the information defendants attempted to elicit from plaintiff was directly relevant to plaintiff's claims. Defendants are entitled to information concerning plaintiff's past medical treatment of his left elbow injury, and his past prescriptions of Lithium, as plaintiff has placed these matters at issue in his Complaint and the information is necessary for defendants to adequately respond to plaintiff's claims.

Defendants request that plaintiff's Complaint be dismissed as a sanction for failing to answer questions related to his claims during his deposition. District courts have inherent power to dismiss a case for failure to prosecute. Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995). The Eighth Circuit has found that "[a]n action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). Federal Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with ... a court order, a defendant may move to dismiss the action or any claim against it." "Dismissals with prejudice are drastic and extremely harsh sanctions. Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the plaintiff has consistently and willfully failed to prosecute his [or her] claim." Miller, 51 F.3d at 168 (quoting Sterling, 985 F.2d at 412). See also Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 722 (8th Cir. 2010) (affirming a Rule 41(b) dismissal where plaintiff acted with a "persistent pattern of delay and failure to comply" with court orders, and court had previously "attempted to address

plaintiff's conduct through less severe sanctions and warned plaintiff of possibility of dismissal").

The court finds that dismissal of plaintiff's Complaint would be extreme in light of plaintiff's apparent good faith belief that his objections were meritorious. Thus, defendants should be permitted to retake plaintiff's deposition. Plaintiff is cautioned, however, that if he fails to answer defendants' questions in violation of this order, he is subject to sanctions, including dismissal of his Complaint. See Fed. R. Civ. P. 41(b).

## IX. Plaintiff's Motion to Appoint Temporary Counsel (Doc. No. 92)

Plaintiff has filed a motion to appoint temporary counsel for the purpose of deposing the defendants. Plaintiff contends that counsel is necessary because defendants have been "less than cooperative" with regard to his discovery requests. Plaintiff requests, in the alternative, that the court direct the parties on the proper methods of issuing subpoenas under Rule 45.

The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. See In re Lane, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues. See Williams v. Johnson, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for plaintiff at this point in the litigation. The undersigned finds that plaintiff has clearly presented his claims against defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel." Plaintiff's Eighth Amendment medical indifference claims are not complex and plaintiff has demonstrated an ability to present his claims, as demonstrated by the plethora of motions filed in this case. Further, the court has set out the relevant law with regard to the issuance of subpoenas under Rule 45 in this Memorandum and Order.

Thus, plaintiff's motion for appointment of counsel will be denied without prejudice. "Without prejudice" means that plaintiff may later ask for appointment of counsel if he feels it is necessary.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Issuance of Subpoenas (Doc. No. 34) be and it is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a blank subpoena form.

**IT IS FURTHER ORDERED** that plaintiff's motions to compel (Docs. No. 35, 37, 85, 89) be and they are **denied**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Doc. No. 36) be and it is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Suppress Illegally Obtained

Medical Records (Doc. No. 45) be and it is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (Doc. No. 49) be and it is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (Doc. No. 65) be and it is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant Fitzwater's Motion to Strike (Doc. No. 44) be and it is **granted**.

**IT IS FURTHER ORDERED** that Docket Number 42 be and it is **STRICKEN FROM THE RECORD** as improperly filed.

**IT IS FURTHER ORDERED** that Defendant Fitzwater's Motion to Compel Discovery (Doc. No. 59) be and it is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant Dodson's Motion to Dismiss Complaint (Doc. No. 87) be and it is **denied**.

**IT IS FURTHER ORDERED** that Defendant Fitzwater's Motion to Dismiss Complaint (Doc. No. 90) be and it is **denied**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Temporary Counsel (Doc. No. 92) be and it is **denied without prejudice**.

Dated this 24th day of September, 2013.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE